IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHANNA LYNN MONROE,
    Plaintiff,

vs.                                      Case No.: 3:12cv335/MCR/EMT

FLORIDA SUPREME COURT, et al.,
    Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, commenced this action by filing a civil rights complaint (doc. 1). Plaintiff also filed a motion to proceed in forma pauperis (doc. 2), which will be granted.

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). Upon review of the complaint, the undersigned concludes that this court lacks subject matter jurisdiction; therefore, this action should be dismissed.

I.    BACKGROUND

    Plaintiff names three Defendants in this action: the Florida Supreme Court, the Florida First District Court of Appeal ("First DCA"), and the Office of Criminal Conflict and Civil Regional Counsel for Region One ("Office of Conflict Counsel") (doc. 1 at 1–2). Plaintiff alleges Susan Barber, an attorney with the Office of Conflict Counsel, represented her in an appeal of a final decision in a juvenile dependency case (*id.* at 3–4). She alleges the First DCA affirmed the lower court's decision in the dependency case per curiam without written opinion (*id.* at 2–5). Plaintiff alleges Ms. Barber advised her she would file a motion for rehearing or clarification requesting that the First DCA issue a written opinion in order to provide a legitimate basis for review by the Florida Supreme Court; however, on the day the motion was due, Ms. Barber informed her she would not file the motion (*id.*). Plaintiff states Ms. Barber instead filed a motion to withdraw from the appeal and

requested that the First DCA permit Plaintiff to file a pro se motion requesting a written opinion (*id.* at 3). Plaintiff states the First DCA granted the motion to withdraw, but denied the request that Plaintiff be permitted to file a pro se motion for a written opinion (*id.*). Plaintiff states on May 9, 2012, she filed a pleading with the Florida Supreme Court alleging Ms. Barber provided ineffective assistance of counsel in the appeal, and the First DCA erred by denying her an opportunity to file a pro se motion for rehearing or clarification requesting a written opinion (*id.* at 4). She states on June 8, 2012, the Florida Supreme Court denied her petition after erroneously construing it as seeking review of the First DCA's per curiam affirmance (*id.*).

Plaintiff contends that as a result of the decisions of the First DCA and the Florida Supreme Court, which effectively precluded review of the dependency decision by the Florida Supreme Court, her teaching career will eventually be ruined (doc. 1 at 3–4). She claims that Defendants' conduct violated the Due Process Clause of the Fourteenth Amendment (*id.* at 4). As relief, she seeks reversal of the Florida Supreme Court's decision and an opportunity to file a pro se motion for rehearing or clarification requesting a written opinion in the First DCA (*id.* at 5). She also seeks to recover "the maximum liability" from the Office of Conflict Counsel (*id.*).

II.  ANALYSIS

"The Rooker-Feldman[1] doctrine places limits on the subject-matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). Under the Rooker-Feldman doctrine, federal district courts cannot review final state court judgments because "that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). The Supreme Court has only applied the doctrine on two occasions, and fairly recently reiterated that the scope of the Rooker-Feldman doctrine is exceedingly narrow, "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

---

[1] The Rooker–Feldman doctrine derives from Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 68 L. Ed. 362 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476–82, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005); *see also* Nicholson v. Shafe, 558 F.3d 1266, 1268 (11th Cir. 2009).

Prior to Exxon Mobil, the Eleventh Circuit had traditionally applied a four-factor test to guide the application of the Rooker-Feldman doctrine, finding that it bars federal jurisdiction where: "(1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits, (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding, and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment." Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1266 n.11 (11th Cir. 2003) (citations omitted). However, due to the Supreme Court's cautionary statement in Exxon Mobil that the Rooker-Feldman doctrine "has sometimes been construed to extend far beyond the contours of the Rooker and Feldman cases," 544 U.S. at 283, the Eleventh Circuit declined to adhere to the Amos test. *See* Nicholson, 558 F.3d at 1274 (electing to apply Exxon Mobil's strict language confining the doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" as opposed to the Amos test).

Thus, for the Rooker-Feldman doctrine to apply under the strictures of Exxon Mobil, the court must first determine whether the state court "rendered judgment before the district court proceedings commenced." *See id.* Plaintiff filed her federal complaint in this lawsuit on July 6, 2012, nearly thirty days after the Florida Supreme Court denied her petition for review on June 8, 2012. Because no appeal remained pending at the time she filed this federal suit, the state proceedings had ended for purposes of the Rooker-Feldman doctrine. *Cf.* Nicholson, 558 F.3d at 1278 ("[B]ecause the Appellants filed the instant federal action while the state court action continued in the appeals process in state court, the state proceedings had not ended.").

Secondly, the court must determine whether Plaintiff is a state-court loser who is complaining of injuries caused by state-court judgments. *See* Exxon Mobil, 544 U.S. at 284. In doing so, the Eleventh Circuit has continued to apply the fourth factor of the Amos test, evaluating whether the plaintiff's claims are "inextricably intertwined" with the state court judgment. *See* Casale, 558 F.3d at 1260 (quoting Feldman, 460 U.S. at 482 n.16). "A claim is inextricably intertwined if it would

effectively nullify the state court judgment or it succeeds only to the extent that the state court wrongly decided the issues." *Id.* (internal quotations and citations omitted). Evaluating Plaintiff's complaint under this standard, the undersigned concludes that it falls directly within the scope of the Rooker-Feldman doctrine's jurisdictional bar.

In her complaint, Plaintiff seeks to nullify, through a federal constitutional challenge, the rulings of the First DCA and the Florida Supreme Court in her appeals of the juvenile dependency order. The essence of her complaint is that the state courts and the Office of Conflict Counsel deprived her of full judicial review of the juvenile dependency order. Although Plaintiff appears to seek monetary damages from the Office of Conflict Counsel, she also expressly requests reversal of the Florida Supreme Court's decision, and she impliedly requests reversal of the First DCA's order denying former counsel's request that Plaintiff be permitted to file a pro se motion for rehearing or clarification in the First DCA (doc. 1 at 5). Success on Plaintiff's federal due process claim would effectively nullify the order of the state courts; thus, her claims are inextricably intertwined with the dependency action. Accordingly, her complaint falls within the confines of the Rooker-Feldman jurisdictional bar. *See, e.g.*, Herskowitz v. Reid, 187 F. App'x 911 (11th Cir. 2006) (Rooker-Feldman doctrine barred action brought by successful litigant in state-court action against state appellate court and certain individual defendants, alleging various claims based on appellate court's reversal of state-court judgment in her favor); Fox v. State of Fla., 138 F. App'x 194 (11th Cir. 2005) (Rooker-Feldman doctrine precluded federal jurisdiction over attorney's § 1983 complaint, challenging Florida Supreme Court's decision upholding the state bar's suspension of his law license; state bar's disciplinary action was judicial in nature, both bar's temporary suspension of attorney and Supreme Court's decision upholding the suspension constituted a final judgment, and attorney's due process arguments were inextricably intertwined with the state bar proceeding and the appeal, and were properly made there).[2]

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (doc. 2) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

---

[2] The undersigned cites Herskowitz and Fox only as persuasive authority and recognizes that the opinions are not considered binding precedent. *See* 11th Cir. R. 36-2.

That this action be **DISMISSED with prejudice** for lack of jurisdiction.

At Pensacola, Florida, this 10th day of July 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).